S. Mittleman, Defendant in Error, v. Edward Stoerman, Plaintiff in Error.

Gen. No. 15,660.

NEGLIGENCE—*when defendant not liable.* A defendant is only liable for his own negligence, and a defendant is not liable for the negligence of others with whom he was in no wise connected and to whom he sustained no relation.

Error to the Municipal Court of Chicago; the Hon. FRANK G. PLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed June 20, 1911.

McARDLE & McARDLE, for appellant.

HARRY C. LEVINSON, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Mittleman, brought an action of the fourth class in the Municipal Court of Chicago to recover the value of his horse, which had to be shot on account of receiving a crushed foot through the alleged negligence of the driver of a coal wagon. A jury was waived and the trial had by the court, which resulted in a finding and judgment in favor of defendant in error for $125.

We are asked to reverse the action of the lower court practically upon the grounds, (1) that it is not shown that plaintiff in error was the owner of the coal wagon, or employer of its driver, or in any connected with it; (2) that there was no negligence shown on the part of the coal wagon driver; and (3) that the negligence of defendant in error contributed to the injury complained of.

The accident occurred on the west side of Canal street, just north of Lake street, in the city of Chicago. It appears that as many as 12 or 15 wagons were backed against the sidewalk on the west side of Canal street, and the horses in front of and attached to them were facing east, and their heads were approximately at the middle of the street. The horse and wagon of defendant in error was, perhaps, midway in this row from north to south. A heavily loaded coal wagon, drawn by three horses, was driving south upon Canal street near the center of the street. He had passed the heads of several of the horses, thus standing facing east, and when the horse of plaintiff was reached by the wagon, in some manner the horse fell and one of its feet was projected far enough out into the street that the heavy coal wagon ran over and crushed it, necessitating the shooting of the horse. The driver did not see the accident, but stopped a few feet further on, and, upon being asked his name and that of the owner of the wagon, wrote "City Fuel Company," and his own name, John Cuthbert. It also apeared that the name of the City Fuel Co.

was on the side of the wagon, and that, after the injury, the City Fuel Company was called up by defendant in error about the matter. Following a conversation over the telephone, defendant in error went to the barns of the company, where he met the plaintiff in error, and was told that he was "the boss." He claimed to have had some conversation with Stoerman on that day, and was told to come around the next day, and that, by appointment, he had two or three interviews with Stoerman, which did not result in anything, whereupon this suit was brought.

In the view we take of this case, it will not be necessary to discuss any but the first proposition urged on behalf of plaintiff in error. Without passing upon the question as to whether defendant in error was rightly using the street in the manner indicated, or whether the driver of the coal wagon was guilty of negligence which would render his principal liable, we are compelled to sustain the contention of plaintiff in error that there is no evidence in the record even tending to show that plaintiff in error was the owner of the coal wagon, or in any way responsible, as employer, for acts of its driver, or in any such way connected with the accident as to create any liability on his part.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*